UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR BARRERA,

      Plaintiff,

v.                                    CASE NO.:

NEWLINE W P SERVICES INC., and
ARTEMIO RAMIREZ, Individually,

      Defendants,

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, OSCAR BARRERA ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, NEWLINE W P SERVICES INC., a Florida Profit Corporation ("NEWLINE"), and ARTEMIO RAMIREZ ("RAMIREZ") (collectively, "Defendants"), and in support thereof states as follows:

## **JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA," to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C.

1

§216(b).

3.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. §1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his overtime claim.

## PARTIES

4.     At all times material hereto, Plaintiff was, and continues to be a resident of Hillsborough County, Florida.

5.     At all times material hereto NEWLINE was a Florida Profit Corporation. Further, at all times material hereto, NEWLINE was engaged in business in Florida, with a principal place of business in Orange County, Florida.

6.     NEWLINE regularly conducted business in Hillsborough County, including through its employment of Plaintiff to perform work in the Tampa area.

7.     At all times relevant to this action, RAMIREZ was an individual resident of the State of Florida, and the president of NEWLINE, who regularly exercised the authority to: (a) hire and fire employees of NEWLINE; (b) determine the work schedules for the employees of NEWLINE; and (c) control the finances and operations of NEWLINE.

8.     RAMIREZ is an employer as defined by 29 U.S.C. §201 *et. seq.*

9.     At all times material hereto, Plaintiff was an "employee" of

Defendants within the meaning of the FLSA.

10.    Defendants NEWLINE and RAMIREZ were, and continue to be, "employers" within the meaning of the FLSA.

11.    At all times material hereto, Defendant NEWLINE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12.    At all times material hereto, Defendant NEWLINE was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

13.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14.    At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including large trucks, construction equipment, machinery, and office equipment, which were used directly in furtherance of Defendants' business.

15.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

### STATEMENT OF FACTS

16.    In or around October 2021, Defendants hired Plaintiff to work as

a non-exempt hourly-rate paid employee with the title of "Construction Worker." Plaintiff worked in this position through April 2023.

17.    Defendants promised Plaintiff an hourly rate for his work.

18.    Between October 2021 and April 2023, in one or more workweeks, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

19.    Between October 2021 and April 2023, in one or more workweeks, Defendants failed to compensate Plaintiff overtime premiums for his overtime hours.

20.    Defendants' failure to pay under the FLSA includes a failure to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.

21.    Defendants have violated Title 29 U.S.C. § 207 from at least October 2021 and continuing through at least April 2023, in that:

    a.    Defendants failed to pay Plaintiff at least time and one half of his regular rate of pay for all hours worked over forty (40) in a workweek; and

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a

workweek as required by the FLSA.

22.     Plaintiff also incurred expenses in making payments owed by the Company to two of his co-workers when they were not paid.

23.     Defendants were aware that they had not paid the co-workers and accepted the benefit of Plaintiff's payment to the co-workers for the work they performed for Defendants.

24.     These additional expenses unjustly enriched Defendants, who retained the benefit of those workers' work without paying for it, and instead shifted their business expense to Plaintiff.

25.     In July 2023, Plaintiff, through counsel, reached out to Defendants to seek payment of Plaintiff's unpaid wages. In response, Defendants threatened to report Plaintiff to immigration authorities if he did not cease pursuit of his wages.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26.     Plaintiff re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     From at least October 2021 to April 2023, Plaintiff worked in excess of forty (40) hours in one or more workweeks, for which Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay.

28.     Defendants paid Plaintiff only his regular rate of pay, with no

overtime premiums, for his many overtime hours.

29.    Plaintiff is entitled to be paid at least at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

30.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due, and as further evidenced by the fact that, when the issue was raised to their attention, Defendants' response was to threaten Plaintiff, rather than to make payment.

31.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours in a workweek, plus liquidated damages.

33.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## UNJUST ENRICHMENT

34.    Plaintiff re-alleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

35.     Plaintiff's co-workers performed services for Defendants' benefit and did so because Defendants agreed to pay them for their work.

36.     Defendants did not pay Plaintiff's co-workers but retained the value of their work.

37.     Plaintiff made payment to his co-workers for the services they performed on Defendants' behalf.

38.     Plaintiff reasonably expected that Defendants would reimburse him for making payment for work performed for Defendants, at their request, and for their profit.

39.     Defendants have retained the value of the work for which Plaintiff made payment, without paying for that work.

40.     It would be unjust to allow Defendants to retain the value of the work performed without making payment for same.

41.     It would be unjust to allow Defendants to benefit from Plaintiff having paid for the work performed on Defendants' behalf, without making payment to Plaintiff for same.

42.     The amounts that Plaintiff paid on Defendant's behalf had the effect of reducing Plaintiff's wages. Further, these amounts are Defendant's business expenses, for which Plaintiff should be reimbursed.

43.     These amounts are wages, and therefore subject to Fla. Stat. § 448.08.

44.     Plaintiff is entitled to his reasonable attorneys' fees under Fla.

Stat. § 448.08 should he prevail in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a.    Awarding Plaintiff overtime compensation in the amount due to him for overtime premiums on hours worked in excess of forty (40) hours per workweek while employed by Defendants;

b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.    Awarding Plaintiff pre-judgment interest to the extent Liquidated Damages are not awarded;

d.    Awarding Plaintiff post-judgment interest on the overtime award;

e.    Awarding Plaintiff the amounts he paid on Defendants' behalf, and by which Defendants were unjustly enriched;

f.    Awarding Plaintiff pre- and post-judgment interest on that amount;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 10<u>th</u> day of August, 2023.

Respectfully submitted,

/s/ Angeli Murthy
Angeli Murthy, Esq., B.C.S.
FL Bar No.: 0088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com

*Trial Counsel for Plaintiff*